IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

vs.

HAKEEM SMITH,

Defendant.

No. 12–CR–30173–DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

On February 22, 2013, the Court sentenced Defendant Hakeem L. Smith to 151 months as to Count 1 (Possession with Intent to Distribute Cocaine Base) and Count 2 (Distribution of Cocaine Base) of the indictment (Doc. 26), and the Clerk of the Court entered Judgment reflecting the same (Doc. 31). On March 28, 2016, Smith filed a *pro se* motion to reduce his sentence under Amendment 782 to the United States Sentencing Guidelines (Doc. 44). In accordance with this District's Administrative Order No. 167, the Federal Public Defender's ("FPD's") Office entered its appearance for Defendant (Doc. 48). The FPD sought, and was granted, a stay of proceedings in this matter pending disposition of Smith's §2255 petition filed in *Smith v. United States*, 15-cv-807-DRH (Doc. 50).[1]

---

[1] Given the recent decision by the Supreme Court in *Beckles v. United States*, 137 S.Ct. 866 (2017), Smith's §2255 petition was denied and dismissed with prejudice on June 8, 2017 (*Smith v. USA*, 15-cv-807-DRH, Doc. 24). Judgment was entered reflecting the same was entered the following day (*Id.*, at Doc. 25).

Thereafter, on April 26, 2017, Assistant Federal Public Defender Ethan Skaggs moved to withdraw on the basis that he can make no non-frivolous arguments in support of a reduction pursuant to 18 U.S.C. § 3582(c) (Doc. 51). *See Anders v. California*, 386 U.S. 738, 744 (1967). Thereafter, the Court allowed Smith an opportunity to respond to the motion to withdraw (Doc. 52). As of this date, Smith has not responded.

Section 3582(c)(2) of Title 18 allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.

Here, Smith is *not* entitled to a reduction in his sentence because he cannot satisfy the first criterion of that statute; he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Here, Smith was sentenced as a career offender within the meaning of

U.S.S.G. § 4B1.1 of the guidelines (Doc. 24, ¶21). Consequently, Smith's sentencing guideline range does not change as a result of the application of Amendment 782. As Smith's guideline range has not been lowered, he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

Accordingly, the Court **GRANTS** counsel's motion to withdraw (Doc. 51), **DENIES** Smith's motion for a sentence reduction (Doc. 44) and **DENIES as moot** his motion to expedite (Doc. 45).

**IT IS SO ORDERED.**

Signed this 22nd day of June, 2017.

Digitally signed by Judge David R. Herndon
Date: 2017.06.22 16:29:42 -05'00'

**United States District Judge**