IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:12-cr-30173-DWD |
| ) | |
| HAKEEM L. SMITH, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court is Defendant Hakeem L. Smith's motion for compassionate release. (Doc. 55)[1] The motion is fully briefed and ripe for decision. (Docs. 59 & 60) For the following reasons, Smith's motion should be denied.

#### BACKGROUND

On November 6, 2012, Smith pled guilty to one count of possession with intent to distribute cocaine base and one count of distribution of cocaine base. (Doc. 18 at 4) He was sentenced to a term of imprisonment of 151 months, to be followed by a three-year term of supervised release. (Doc. 31 at 2–3)

Smith is housed at USP-Marion. (Doc. 55 at 3) USP-Marion currently has two inmates but no staff members who have tested positive for COVID-19. *Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus (last accessed June 11, 2021). While two inmates have died from COVID-19, 731 inmates and 61 staff members

---

[1] All record citations refer to the document and page number as designated by the Court's electronic filing system.

have recovered from the virus. *Id.* The Bureau of Prisons has implemented a Modified Operations Plan to combat the spread of COVID-19 in all of its facilities. *BOP Modified Operations*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/covid19_status.jsp (last accessed June 11, 2021).

## THE FIRST STEP ACT OF 2018

Prior to the passage of the First Step Act, a defendant seeking compassionate release first had to request it from the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2018). The First Step Act of 2018 modified that provision to allow incarcerated defendants to seek compassionate release from a court on their own motion after exhausting administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on their behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.[2] The defendant bears the burden of showing that he is entitled to relief under the First Step Act. *United States v. Gold*, 459 F. Supp. 3d 1117, 1119 (N.D. Ill. 2020).

After such a motion is filed, either by the Director of the Bureau of Prisons or by the defendant, the Court may reduce the term of imprisonment after considering the factors set forth in § 3553(a) to the extent they are applicable, upon a finding that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing

---

[2] The United States does not contend that Smith failed to exhaust his administrative remedies.

2

Commission." § 3582(c)(1)(A)(i). The Sentencing Commission's policy statement essentially restates § 3582(c)(1)(A), but the Application Notes to the policy statement suggest specific circumstances under which extraordinary and compelling reasons exist for reducing a sentence: (A) the medical condition of the defendant; (B) the age of the defendant, and (C) family circumstances. *Application Notes*, U.S.S.G. § 1B1.13. A fourth category, "(D) Other Reasons," states: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* Additionally, the policy statement requires the defendant not be "a danger to the safety of any other person or to the community" pursuant to 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13.

## DISCUSSION

Smith asserts three reasons for compassionate release: (1) his crimes no longer constitute violent crimes, (2) he needs to be the caretaker for his mother who is a type 2 diabetic, and (3) his asthma makes him particularly vulnerable to COVID-19. The Court addresses each of these arguments in turn.

First, Smith argues that his sentence should be modified because his prior convictions are no longer classified as crimes of violence under the Sentencing Guidelines and he therefore should not be classified as a career offender. (Doc. 55 at 1) He points to the United States' concession in its response to his 28 U.S.C. § 2255 petition that were he to be sentenced today, he would not be classified as a career offender because of the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015). Government's

Response, *Smith v. United States*, No. 3:15-cv-807-DRH (S.D. Ill. Sept. 28, 2015). However, the United States responded to Smith's petition before the Supreme Court decided *Beckles v. United States*, 137 S. Ct. 886 (2017), which made clear that *Johnson* does not invalidate the Sentencing Guidelines under which Smith was found to be a career offender. Judge Herndon found that *Beckles* precluded Smith's argument and denied his § 2255 petition. Order, *Smith v. United States*, No. 3:15-cv-807-DRH (S.D. Ill. June 8, 2017). For these reasons, Smith's arguments regarding his classification as a career offender hold as little water today as they did in 2017.

Second, Smith argues that he is entitled to a sentence modification because he needs to be the caretaker for his mother who suffers from type 2 diabetes. (Doc. 55 at 1) The Sentencing Commission offers examples of family circumstances that would constitute extraordinary and compelling reasons for sentence modification, including "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children [or t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." *Application Notes*, U.S.S.G. § 1B1.13. The Sentencing Commission does not indicate that providing care for a defendant's mother would rise to the level of an extraordinary and compelling reason for sentence modification. Further, Smith has not shown that he is the only available caretaker for his mother or that she even needs a caretaker because of her type 2 diabetes, a condition that the Centers for Disease Control ("CDC") notes "is managed mostly by you, with support from your health care team." *Type 2 Diabetes*,

Centers for Disease Control and Prevention, https://www.cdc.gov/diabetes/basics/type2.html (last accessed June 14, 2021).

Finally, Smith argues that his asthma makes him particularly vulnerable to COVID-19 and that constitutes an extraordinary and compelling reason for sentence modification. (Doc. 55 at 1) According to the CDC, moderate-to-severe asthma can make a person more likely to get severely ill from COVID-19. *People with Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed June 14, 2021). Smith's medical records indicate that he received an inhaler with a one-time fill after reporting a childhood history of asthma and stating that he wanted the inhaler "just in case." (Docs. 59-1 at 4; 59-2 at 5 & 20) Nothing in his medical records suggests that his asthma is moderate to severe. Further, his records indicate that he received the first dose of the COVID-19 Pfizer vaccine on March 3, 2021. (Doc. 59-1 at 14) Presumably, Smith received his second dose after the United States files his medical records on March 12, 2021, and is now fully vaccinated. Under these facts, the Court does not find that Smith's self-reported asthma constitutes an extraordinary and compelling reason for sentence modification. *See, e.g., United States v. Porter*, No. 17-cr-30057, 2020 WL 7388618, at *4 (C.D. Ill. Dec. 16, 2020) (denying motion for compassionate release in part because defendant's asthma was well-managed and he had not had a recent attack); *United States v. Cheek*, No. 2:18-cr-91-PPS, 2020 WL 3496885, at *2–3 (N.D. Ind. June 29, 2020) (denying motion for compassionate release in part

because defendant's asthma was well-managed and there were no records of any severe asthma attacks).

## CONCLUSION

For these reasons, it is ORDERED that Smith's motion for compassionate release (Doc. 55) is DENIED.

**SO ORDERED.**

Dated: June 14, 2021

_____
DAVID W. DUGAN
United States District Judge